**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4328

ALLEN RAYMOND KNIBIEHLY,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Robert Earl Maxwell, Senior District Judge.
(CR-96-12)

Submitted: January 30, 1998

Decided: April 2, 1998

Before WILKINS and LUTTIG, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy M. Sirk, Keyser, West Virginia, for Appellant. William D.
Wilmoth, United States Attorney, Sherry L. Muncy, Assistant United
States Attorney, Elkins, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Allen Raymond Knibiehly pled guilty to possessing an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d) (1994). As part of his plea agreement, a second count charging that he possessed four firearms after previously being convicted of a felony was dismissed. Knibiehly appeals the fifty-one-month sentence he received, alleging that the district court erred in finding that his relevant conduct included possession of four firearms. See U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(A) (1995). We affirm.

On March 12, 1996, state law enforcement officials executed a search warrant at the house Knibiehly shared with his girlfriend. Five firearms were discovered in the house, one of which Knibiehly's girl-friend claimed as hers. To the investigating officers and at sentencing, Knibiehly admitted owning the shotgun and another firearm. Under USSG § 2K2.1(b)(1)(A), an increase of one level is made if the offense involved three or four firearms. Knibiehly objected to the pro-bation officer's recommendation for a sentence enhancement based on possession of the four firearms not claimed by his girlfriend, but he presented no evidence at the sentencing hearing to rebut the infor-mation in the presentence report. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (defendant has burden of showing inaccuracy of disputed information in presentence report). Instead, defense coun-sel argued that common sense dictated that only the firearm charged in the offense of conviction should be considered in determining his sentence. The district court determined that Knibiehly possessed three firearms in addition to the one charged in the count to which he pled guilty.

The court correctly held that the offense level was determined by relevant conduct. See USSG § 1B1.1, comment. (n.1(l)) ("offense" generally means offense of conviction and all relevant conduct). Under USSG § 1B1.3(a)(2), offenses which are groupable under USSG § 3D1.2(d) are part of a defendant's relevant conduct if they are part of the same course of conduct or common scheme or plan as the count of conviction. Offenses covered by USSG§ 2K2.1 are spe-cifically listed as offenses to be grouped under USSG § 3D1.2(d). In

2

addition, Application Note 9 to USSG § 2K2.1 provides that any unlawfully possessed firearms should be counted in calculating the number of firearms for enhancement purposes under subsection (b)(1). Unlawful possession of a firearm may be either actual or constructive. See United States v. Jackson, 124 F.3d 607, 610 (4th Cir. 1997), cert. denied, ___ U.S. #6D6D 6D#, 66 U.S.L.W. 3457 (U.S. Jan. 12, 1998) (No. 97-6989). Because Knibiehly had constructive possession of the disputed firearms, the district court did not err in considering all four firearms as relevant conduct.

Accordingly, we affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3